IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00810-RPM-MJW

DEVELOPERS SURETY AND INDEMNITY COMPANY,

    Plaintiff,

v.

SCOTT R. BUSTEED and
MARILYN ROBERTS,

    Defendants.

---

### RECOMMENDATION ON
### PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT
### AGAINST SCOTT R. BUSTEED
### (DOCKET NO. 15)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


    This matter is before the court on Plaintiff's Amended Motion for Entry of Default Judgment Against Scott R. Busteed (docket no. 15) and the Affidavit of Edgar L. Neel (docket no. 19).  The court has reviewed the subject motion (docket no. 15), the exhibits attached thereto, and Mr. Neel's Affidavit (docket no. 19).  The defendant Scott R. Busteed has not filed any response to the subject motion.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That defendant Scott R. Busteed was served with a copy of the summons and complaint on May 21, 2014.  See docket no. 7.  Defendant Scott R. Busteed has failed to answer or otherwise respond to the complaint (docket no. 1), and therefore he has admitted the factual allegations in the complaint.  See, e.g., Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996);

5. That the Clerk of Court entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against defendant Scott R. Busteed on June 25, 2014.  See docket no. 13;

6. That defendant Scott R. Busteed is not an infant or incompetent, officer or agent of the State of Colorado, or in the military service. See affidavit of Patrick Barker (docket no. 15-1);

7. That per the complaint (docket no. 1), plaintiff seeks damages in the amount of in excess of $260,000.00.  See paragraph 7 in the complaint (docket no. 1).  Per the affidavit of Patrick Barker (docket

3

no. 15-1), the net losses under the surety bonds issued on behalf of RB Interior Trim, Inc., is in the amount of $261,984.70, and the legal expenses incurred by Plaintiff is in the amount of $1,938.78 for a total of $263,923.48.  The Affidavit of Edgar L. Neel, Esq., and the exhibits thereto (docket no. 19) detail the attorney fees and costs, as well as counsel's background and experience;

8. That Plaintiff is not seeking prejudgment interest but argues it is entitled to the legal rate of eight (8) percent for post-judgment interest.  See paragraph 4 in the affidavit of Patrick Barker (docket no. 15-1);

9. That pursuant to paragraph 2.5 of the Indemnty Agreement (docket no. 1-1) attached to the complaint (docket no. 1), it states:

> "Surety shall have the right to reimbursement of its expenses and attorney's fees incurred hereunder, irrespective of whether the Bond loss payment has been made by Surety. In any suit on this Agreement, Surety may recover its further expenses and reasonable attorney's fees incurred in such suit."

10. That the benchmark for an award of attorney's fees under nearly all of the federal statutes authorizing an award of attorney's fees is that the amount of the fees awarded be reasonable.  Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986).  "The lodestar figure - reasonable hours times

4

reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989).  Taking these factors into consideration, this court finds that the hourly rate charged ($225 per hour) is a fair and reasonable hourly rate for attorneys practicing law in Denver, Colorado.  Furthermore, the court finds that the sum of $1,530.00 in attorney's fees and $408.78 in expenses (for a total of $1,938.78) and the time spent by plaintiff's counsel are fair, reasonable, and necessary in prosecuting this case.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That Plaintiff's Amended Motion for Entry of Default Judgment Against Scott R. Busteed (docket no. 15) be GRANTED; and

2. That default judgment enter in favor of the plaintiff Developers Surety and Indemnity Company and against defendant Scott R.

5

        Busteed Only in the amount of $261,984.70, plus reasonable and necessary attorney fees in the amount of $1530.00 and expenses in the amount of $408.78 (for a total of $1,938.78), plus pre-judgment interest pursuant to 28 U.S.C. § 1961 shall accrue from the date that the judgment is entered by Senior District Court Judge Matsch until the judgment is fully paid .

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

        Done this 18th day of August 2014.

                                  BY THE COURT

                                  s/Michael J. Watanabe  
                                  MICHAEL J. WATANABE  
                                  U.S. MAGISTRATE JUDGE